UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NE SHORE TECHNOLOGIES, INC., | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:23-CV-03413 |
| | § | |
| PROFESSIONAL CREDENTIALS | § | |
| EXCHANGE, INC., | § | |
| *Defendant*. | § | |

## MEMORANDUM AND RECOMMENDATION

The Court granted Defendant's Motion for Summary Judgment and entered Final Judgment dismissing this case on December 2, 2025. ECF 76 (adopting ECF 72); ECF 77. Now before the Court is Defendant Professional Credentials Exchange, Inc.'s Motion for Attorney Fees and Costs in the amount of $174,030.[1] ECF 78. The Motion is fully briefed and ripe for determination. ECF 78; ECF 86; ECF 91. Having considered the parties' positions and the law, the Court recommends that Defendant's Motion be GRANTED in part and attorney's fees and costs be incorporated into an Amended Final Judgment.

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 16.

## I.     Legal Standards.

### A. Federal Rule of Civil Procedure 54

Federal Rule 54(d)(2) permits a prevailing party to file a motion for attorney's fees no later than 14 days after the entry of judgment.  The Motion must "(ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award; (iii) state the amount sought or provide a fair estimate of it; and (iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made." *Id.*  Despite entry of a "final" judgment, the judgment is not "final" as to a claim for costs and attorney's fees, which may be raised in a subsequent Rule 54 motion.  *Loeb-Defever v. Mako, L.L.C.*, No. 24-20410, 2026 WL 483894, at *4 (5th Cir. Feb. 20, 2026).  In addition, district courts "retain[ ] jurisdiction to resolve motions for ... attorneys' fees while a judgment on the merits is pending on appeal." *Id.*

### B. Texas Law

Texas law governs the award and reasonableness of attorney's fees in this diversity case.  *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).  Under Texas law, a prevailing party "may recover reasonable attorney's fees . . . in addition to the amount of a valid claim and costs, if the claim is for . . . an oral or written contract." TEX. CIV. PRAC. & REM. CODE § 38.001.  The Court has discretion to

2

determine the amount of attorney's fees. *See World Help v. Leisure Lifestyles, Inc.,* 977 S.W.2d 662, 683 (Tex.App.—Fort Worth 1998) (pet. denied).

Texas courts utilize the lodestar method as a starting point for determining reasonable attorney's fees. *See Rohrmoos Venture v. UTSW DVA Healthcare, LLP,* 578 S.W.3d 469, 498 (Tex. 2019). Under the lodestar method, the court determines the reasonable rate and number of hours and multiplies the two to calculate a lodestar amount. *See El Apple I, Ltd. v. Olivas,* 370 S.W.3d 757, 760 (Tex. 2012). The "fee claimant bears the burden of providing sufficient evidence" of both the rate and the hours worked. *Rohrmoos,* 578 S.W.3d at 498. Sufficient evidence requires a showing of the services performed, who performed those services, approximately when they performed the services, the reasonable amount of time required to perform the services, and the reasonable hourly rate of those who performed the services. *Id.*

Where the claimant meets this burden, the base figure is presumptively reasonable, but it is "subject to adjustment if the presumption is overcome by other factors not accounted for in the base lodestar figure." *Id.* at 496. The Court looks to the *Arthur Andersen* factors when adjusting the lodestar.[2] Specific evidence must support an adjustment. *See Id.* at 501.

---

[2] The factors are:

## II.     Analysis.

Plaintiff sued Defendant for breach of contract and tortious interference with contract.  ECF 37.  The Court granted Defendant's Motion for Summary Judgment on both claims and dismissed Plaintiff's claims with prejudice.  ECF 72 (adopted by ECF 76).  The Court entered a Final Judgment on December 2, 2025, taxing costs against Plaintiff.  ECF 77.  Defendant now seeks attorneys' fees and expenses in the amount of $174,030.00 in accordance with the Final Judgement and the fee-shifting provision of the parties' Master Software Development Agreement (MSDA).  ECF 78.  Plaintiff contends that the MSDA does not entitle Defendant to fees related to its tortious interference claim and that Defendant has not bifurcated its fees or shown that the fees it seeks are reasonable and necessary.  ECF 86.

---

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;

(2) the likelihood ... that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

*Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997).

**A. Taxable costs will be included in an Amended Final Judgment.**

Defendant timely filed a Bill of Costs seeking $1,962.60 in costs taxable under 28 U.S.C. § 1920.  ECF 80.  Plaintiff did not object to the Bill of Costs within 14 days and therefore on January 5, 2026 the clerk taxed costs in the amount of $1,962.60.  Plaintiff also did not object to the taxation of costs within 7 days after taxation, nor did they object in their January 6, 2026 Response to Plaintiff's Motion. *See* ECF 86.  Therefore, the taxable costs of $1,962.60 will be incorporated into an Amended Final Judgment.

**B. Defendant has demonstrated it is entitled to reasonable attorney's fees and expenses under the MSDA for defense of the breach of contract claim.**

Plaintiff sued Defendant for breach of the MSDA.  The MSDA provides:

> Attorneys' Fees. ***In the event of any litigation*** or arbitration of any quasi–judicial or administrative proceeding brought by either of the parties hereto ***to enforce any covenant, condition, representation, warranty or provision of this Agreement, to rescind this Agreement, to enforce any remedy available upon default hereunder, to interpret this Agreement, or seeking a declaration of the rights of the parties hereto, the prevailing party shall be entitled to recover all costs and expenses incurred in connection therewith, including reasonable attorneys' fees*** including the costs of reasonable investigation, preparation and professional or expert consultation incurred by reason of such litigation, arbitration or proceeding. Sums actually expended in the prosecution or defense of any litigation, arbitration or proceeding within the meaning of the foregoing sentence ***shall be prima facie evidence of reasonable attorneys' fees, costs and disbursements***.

ECF 78-1 at 11-12 (emphasis added).  The Court dismissed all of Plaintiff's claims against Defendant in this case with prejudice, making Defendant the prevailing

party.  Plaintiff's unsuccessful breach of contract claim clearly falls within the scope of the above MSDA provision.

However, Plaintiff's tortious interference with contract claim did not seek "***to enforce any covenant, condition, representation, warranty or provision of this Agreement, to rescind this Agreement, to enforce any remedy available upon default hereunder, to interpret this Agreement, or seeking a declaration of the rights of the parties hereto,***" and thus is outside the scope of the MSDA fee-shifting provision.  Attorney's fees generally are not recoverable on a tortious interference claim under Texas law.  *DP Sols., Inc. v. Rollins, Inc*., 353 F.3d 421, 430 (5th Cir. 2003) (stating the general rule and recognizing some equitable exceptions). Defendant argues that Plaintiff's tort and contract claims were so intertwined as to not require segregation of fees.  ECF 91.  The Court disagrees.

The general rule in Texas is that a party seeking fees must segregate fees incurred on unrecoverable claims from those incurred on recoverable claims. *Navigant Consulting, Inc. v. Wilkinson*, 508 F.3d 277, 298 (5th Cir. 2007) (citing *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 311 (Tex.2006)).  The Texas Supreme Court has explained that "[i]ntertwined facts do not make tort [attorney's] fees recoverable; it is only when discrete legal services advance both a recoverable and unrecoverable claim that they are so intertwined that they need not be

6

segregated." *Id.* Certainly some of the facts on the two claims overlapped, but that is not enough to avoid the need for segregation of hours.

Plaintiff argued in the lawsuit that Defendant gained access to its workers due to the existence of the MSDA. However, Plaintiff's breach of contract claim centered on Defendant's failure to provide notice of termination of the MSDA or an opportunity to cure any default. ECF 37 at 13-14. Plaintiff's tortious interference claim centered on the factual allegation that Defendant enticed Plaintiff's contract workers to quit working for Plaintiff and work instead for another company engaged by Defendant. *Id.* at 15-16. It is likely Counsel provided some discrete legal services that advanced the defense of both claims. However, it is equally likely that counsel provided legal services that advanced the defense of only the tort claim. The claims did not overlap enough to eliminate the need to segregate the work performed for the breach of contract claim from the work performed on the tortious interference claim. For example, the initial motion to dismiss primarily addressed Plaintiff's tort claims and only briefly addressed the breach of contract claim. ECF 11. The tort claim required discovery and briefing that would not have been necessary to resolve the breach of contract claim, which involved a legal issue of contract interpretation. *See* ECF 72 at 5-10 (analyzing breach of contract claim). While much of Defendant's summary judgment argument focused on Plaintiff's lack of evidence of an existing contract with its workers, Defendants also argued and presented evidence

7

regarding their contacts, or lack thereof, with Plaintiff's contract workers. *See* ECF 61 at 14-17 and exhibits cited therein.

As alternative to denying fees, Defendant asks the Court to allow it to supplement its Motion with a declaration segregating its fees. ECF 91 at 5; *see Cypress Engine Accessories, LLC v. HDMS Ltd. Co*., 283 F. Supp. 3d 580, 593 (S.D. Tex. 2017) (ordering fee claimant to submit evidence segregating the fees it seeks for defending the recoverable claim from the fees for nonrecoverable claims). The Court recommends granting Defendant leave to file this supplemental evidence within the 14-day objection period for this Memorandum and Recommendation. Defendant should especially focus on the fees incurred for discovery and briefing on issues relevant to the tortious interference claim. If Defendant fails to provide a declaration and evidence segregating fees, the Court recommends imposing an across-the-board 40% reduction in the number of hours claimed by each attorney as means of compensating Defendant for reasonable and necessary attorney's fees incurred only on the breach of contract claim or incurred in advancing both claims jointly.

### 1.  Defendant's claimed rates are reasonable.

As stated above, there is a strong presumption that lodestar amount is reasonable. *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013). The Court

has accounted in the section above for the need to reduce hours to eliminate work not related to the breach of contract claim.

Defendant seeks recovery based on rates of $675.00 per hour for Nelson Mullins partner Kathryn Skagerbert; $525.00-$665.00 for associate John Ackely; and $475.00 for associate Julia Giordiano. ECF 79. The Court finds that John Ackely's time should be billed at the rate at which the case was initiated, $525.00 per hour, because it appears that some of the work he performed could have been performed by an associate at a lower billing rate. Otherwise, the rates proffered by Defendant are reasonable for this type of work in the Houston region. As with the segregation of fees issue, Defendant must submit a supplemental declaration demonstrating the amount of fees billed by John Ackely at his initial rate of $525.00 per hour within the fourteen-day objection period.

## III.   Conclusion.

For the reasons stated above, the Court finds that Defendant is entitled to an award of costs and attorney's fees. However, Defendant has failed to segregate fees as required. The Court therefore RECOMMENDS that Defendant's Motion (ECF 78) be GRANTED IN PART. The Court will make a further recommendation as to the amount of the fees after Defendant files supplemental evidence within 14 days of entry of this Memorandum and Recommendation. If Defendant fails to do so, the Court will recommend reducing the requested hours by 40% and applying a rate of

$525.00 to the entirety of John Ackely's time to arrive at a reasonable attorney's fee judgment.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C).  Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on April 30, 2026, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge